IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY CRUTS #1913969 | § | |
| | § | |
| V. | § | A-19-CV-1224-RP |
| | § | |
| TRAVIS COUNTY CORRECTIONAL | § | |
| COMPLEX, TRAVIS COUNTY | § | |
| DISTRICT ATTORNEY'S OFFICE, and | § | |
| ROBERTO L. RODRIGUEZ | § | |

# ORDER

Before the Court are Plaintiff's Amended Complaint, Motion to Amend, and Motion for Writing Assistance. Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. After consideration, Plaintiff's Motion to Amend is denied, his Amended Complaint is dismissed as frivolous, and his Motion for Writing Assistance is dismissed as moot.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Travis County Correctional Complex as a pretrial detainee. In Cause No. D-1-DC-19203337 Plaintiff was charged with Injury to the Elderly, a third-degree felony, allegedly committed on May 13, 2019. On January 24, 2020, after he filed his Amended Complaint, Plaintiff pleaded guilty, pursuant to a plea bargain agreement, to a lesser charge of Assault Causing Bodily Injury, a Class A Misdemeanor. He was sentenced to 280 days in the county jail with 257 days of jail-time credit.

Although Plaintiff's complaint is not clear, Plaintiff appears to allege his constitutional rights were violated because he is housed in the same pod or cell as convicted felons with aggravated charges. He further alleges his prosecution is unlawful because he was held as a pretrial detainee

for too long. He also alleges he was denied access to courts because he had not entered a courtroom since his arrest.

Plaintiff sues the Travis County Correctional Complex, the Travis County District Attorney's Office, and his court-appointed attorney, Roberto L. Rodriguez. He requests a "writ of prohibition and writ of mandamus" against the State of Texas prohibiting the State from prosecuting him and requiring the State to release him. Plaintiff also seeks an unspecified amount of monetary damages.

Plaintiff moves to amend his Amended Complaint. He states he wishes to correct the defendants to: Roberto L. Rodriguez, Travis County District Attorney Margaret Moore, the State of Texas, Travis County, the City of Austin, Travis County Sheriff Sally Hernandez, the Travis County Sheriff's Department, the Travis County District Attorney's Office, and the Travis County Sheriff's Office. In a separate document Plaintiff requests writing assistance due to his disabilities.

DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest

which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke,* 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B. <u>Motions to Amend</u>

Under Rule 15(a) of the Rules of Civil Procedure, a district court must freely give leave to amend, subject to a few considerations—undue delay, bad faith or dilatory motive by the movant, repeated failures to cure deficiencies by amendment, undue prejudice by allowing the amendment, and whether granting the amendment would be futile. *See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 230, (1962)).

3

C. <u>Entities Not Capable of Being Sued</u>

In his original complaint Plaintiff names the Travis County Correctional Complex as a defendant. Plaintiff seeks to add the Travis County Sheriff's Department and the Travis County Sheriff's Office as defendants.

None of these entities are capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Travis County Correctional Complex are frivolous and adding the Travis County Sheriff's Department and the Travis County Sheriff's Office as defendants would be futile.

D. <u>State Actor</u>

Roberto L. Rodriguez, Plaintiff's court-appointed counsel, is not a state actor. An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972). Accordingly, Plaintiff's claims brought against Defendant Rodriguez are frivolous.

E. <u>Eleventh Amendment Immunity</u>

The State of Texas is immune from suit. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans–Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

In addition, federal district courts do not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Therefore, adding the State of Texas as a defendant would be futile.

Plaintiff's claims seeking monetary relief against District Attorney Margaret Moore, in her official capacity, and the Travis County District Attorney's Office are also barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, which are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Therefore, Plaintiff's claims against the Travis County District Attorney's Office are frivolous and adding Margaret Moore, in her official capacity for monetary damages, would be futile.

F.  Prosecutorial Immunity

Plaintiff's claims against District Attorney Margaret Moore in her individual capacity for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit

5

for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorney during Plaintiff's criminal proceedings which are protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by Defendant Moore were outside the course and scope

of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, adding Margaret Moore, in her individual capacity, as a defendant would be futile.

G. Housing

Plaintiff's allegations are insufficient to allege his classification or housing was due to deliberate indifference or that he suffered a physical injury because of it. The housing of convicted inmates with pretrial detainees is not per se unconstitutional. The Fifth Circuit's decision in *Jones v. Diamond*, 636 F.2d 1364 (5th Cir.1981), specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. 636 F.2d. at 1374.

Plaintiff also does not allege Sheriff Hernandez was personally involved in his housing assignment. Supervisory officials cannot be held vicariously liable in § 1983 cases solely based on the employer-employee relationship. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, she may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304. Accordingly, adding Sheriff Hernandez as a defendant would be futile.

H.     Access to Courts

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). This right of access for prisoners is not unlimited. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on a denial of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. *Id.* at 349-53.

Plaintiff fails to identify any nonfrivolous legal claims he was prevented from filing. Instead, Plaintiff complains he had not seen the inside of a courtroom since his arrest, which does not constitute a denial of access to court. The Court additionally notes Plaintiff had his day in court on January 24, 2020, when he entered his plea of guilty and was sentenced to 280 days in the county jail. Accordingly, Plaintiff's claim is frivolous.

I.     Municipal Liability

As Plaintiff has failed allege a valid constitutional violation, there can be no municipal liability against the City of Austin or Travis County. Moreover, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus,

the City of Austin or Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of the City of Austin or Travis County that caused a deprivation of his constitutional rights. Therefore, adding the City of Austin and Travis County as defendants would be futile.

J.  Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

CONCLUSION

Plaintiff's Amended Complaint is frivolous. The Court denies Plaintiff leave to amend his Amended Complaint, because an amendment would be futile. Because the Court dismisses Plaintiff's Amended Complaint, Plaintiff's motion requesting writing assistance is moot.

It is therefore **ORDERED** that Plaintiff's claims seeking habeas corpus relief are **DISMISSED WITHOUT PREJUDICE** to filing a habeas corpus action after Plaintiff has exhausted his state court remedies and Plaintiff's remaining claims are **DISMISSED AS**

**FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e). Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions. Plaintiff is also warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that the Motion to Amend, filed by Plaintiff on January 21, 2020, is **DENIED**.

It is further **ORDERED** that the Motion for Writing Assistance, filed by Plaintiff on January 21, 2020, is **DISMISSED AS MOOT**.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on March 11, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE