IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DIETRICH WHITE (Travis Co. No. 1837021) | § § § | |
| V. | § § | A-19-CV-1244-RP |
| STATE OF TEXAS, TRAVIS COUNTY CORRECTIONAL COMPLEX, AUSTIN POLICE DEPARTMENT, BLACKWELL THURMAN CRIMINAL JUSTICE CENTER, TRAVIS COUNTY EMS, AND 911 EMERGENCY COMMUNICATIONS | § § § § § § § § § § | |

## ORDER

Before the Court is Plaintiff's Complaint. Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. On December 30, 2019, the Magistrate Judge informed Plaintiff all of the defendants he sued were either immune from suit or were not entities capable of being sued. The Court ordered Plaintiff to file an amended complaint fixing the deficiencies. Plaintiff failed to comply with the Court's order. After consideration, Plaintiff's original complaint is dismissed.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Travis County Correctional Complex as a pretrial detainee. In Cause No. D-1-DC-19100013 Plaintiff was charged with murdering his father on November 11, 2018. Prior convictions for aggravated battery upon a pregnant person and domestic battering in the first and second degrees

were alleged for enhancement purposes. On February 12, 2020, Plaintiff was found incompetent to stand trial.

Although Plaintiff's complaint is not clear, Plaintiff appears to allege his constitutional rights were violated because he is housed in the same pod or cell as convicted felons with aggravated charges. He further alleges his prosecution is unlawful because he was held as a pretrial detainee for too long. Plaintiff also contends the death of his father was caused by Austin police officers interfering with a medical emergency.

Plaintiff sues the State of Texas, the Travis County Correctional Complex, the Austin Police Department, the Blackwell Thurman Criminal Justice Center, Travis County EMS, and 911 Emergency Communications. He requests a "writ of prohibition and writ of mandamus" against the State of Texas prohibiting the State from prosecuting him and requiring the State to release him. Plaintiff also seeks an unspecified amount of monetary damages.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on

an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke,* 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B.   Entities Not Capable of Being Sued

The Travis County Correctional Complex, the Austin Police Department, the Blackwell Thurman Criminal Justice Center, Travis County EMS, and 911 Emergency Communications are not entities capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police

and sheriff's departments are governmental subdivisions without capacity for independent legal action).

    C.    <u>Eleventh Amendment Immunity</u>

The State of Texas is immune from suit. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans–Hudson v. Feeney*, 495 U.S. 299, 304 (1990). Additionally, the Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

Federal district courts also do not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

    D.    <u>No Constitutional Violation</u>

Plaintiff also has not alleged a valid constitutional violation.

    1.    *Housing*

The housing of convicted inmates with pretrial detainees is not per se unconstitutional. The Fifth Circuit's decision in *Jones v. Diamond*, 636 F.2d 1364 (5th Cir.1981), specifically states that

4

limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. 636 F.2d. at 1374.

2. *Access to Courts*

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). This right of access for prisoners is not unlimited. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on a denial of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. *Id.* at 349-53.

Plaintiff fails to identify any nonfrivolous legal claims he was prevented from filing. Instead, Plaintiff complains of the delay of his criminal proceedings, which does not constitute a denial of access to court.

3. *Municipal Liability*

As Plaintiff has failed allege a valid constitutional violation, there can be no municipal liability against the City of Austin or Travis County. Moreover, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or

policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, the City of Austin or Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of the City of Austin or Travis County that caused a deprivation of his constitutional rights.

E.   Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

## CONCLUSION

Plaintiff's civil rights claims are frivolous as he has sued entities not capable of being sued and the State of Texas, which is protected by Eleventh Amendment immunity. Plaintiff's claims seeking his immediate release must be pursued in an application for habeas corpus relief after Plaintiff has exhausted his state court remedies.

It is therefore **ORDERED** that Plaintiff's claims seeking habeas corpus relief are **DISMISSED WITHOUT PREJUDICE** to filing a habeas corpus action after Plaintiff has exhausted his state court remedies and Plaintiff's remaining claims are **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e). Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions. Plaintiff is also warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on August 6, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE